UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | |
| PAUL WOJCIECHOWSKI | ) | Case No.  16-42442-659 |
| MARY WOJCIECHOWSKI | ) | |
|     Debtors | ) | Adversary No. 16-4087-659 |
| | ) | |
| SUSAN H. MELLO LLC | ) | |
|     Plaintiff | ) | |
| v. | ) | |
| | ) | Hearing Date: August 16, 2016 |
| PAUL WOJCIECHOWSKI | ) | Response Due:  August 9, 2016 |
| MARY WOJCIECHOWSKI | ) | Hearing Time:  10:00 a.m. |
| & | ) | Courtroom:  7 North |
| JOHN V. LABARGE JR., TRUSTEE | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |

**NOTICE OF HEARING AND TRUSTEE'S MOTION TO  DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO DISMISS JOHN V. LABARGE, JR. AS A DEFENDANT**

**PLEASE TAKE NOTICE:**  The Motion herein is scheduled for hearing at the date and time shown above.

**WARNING:**  Any response or objection must be filed with the Court by August 9, 2016. A copy must be promptly served upon the undersigned.  Failure to file a timely response may result in the Court granting the relief requested prior to the hearing date.

      Comes now John V. LaBarge, Jr., Standing Chapter 13 Trustee, and for his motion to Dismiss Count II of Plaintiff's Complaint and to Dismiss John V. LaBarge as a Defendant states as follows:

      1.  This Court has jurisdiction over the motion pursuant to 28 U.S.C. section 157(b), Federal Rule of Bankruptcy Procedure 7012, and Federal Rule of Civil Procedure 12.

      2.  Debtors Paul and Mary Wojciechowski filed their petition under Chapter 13 of the

Bankruptcy Code on April 11, 2016, and this case has not been converted to a different chapter of the Bankruptcy Code.

3. Count II of the complaint filed by Plaintiff Susan H. Mello LLC seeks an order for relief based on 11 U.S.C. section 727, specifically an order denying Debtors a discharge and an order directing the Chapter 13 Trustee to "investigate and examine Debtor's true financial condition and the extent to which these or other grounds exist for the bankruptcy to be denied and/or that the bankruptcy should be dismissed and/or any stay and discharge revoked."

4. 11 U.S.C. section 727 concerns the granting of a discharge in a case filed under Chapter 7 of the Bankruptcy Code; this statute is not applicable to cases filed under Chapter 13 of the Bankruptcy Code.

5. Discharge in cases filed under Chapter 13 of the Bankruptcy Code is determined by 11 U.S.C. section 1328, which statute differs significantly from section 727.

6. It is not possible that Plaintiff could assert or prove any facts that would allow the Court to grant the relief requested, in that section 727 does not apply to the underlying bankruptcy case.

7. The Trustee further notes that none of the assertions in Plaintiff's complaint, even if true, would be a basis to deny a discharge under section 1328.

8. Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

9. Count II of Plaintiff's Complaint is the only count which seeks relief directed at the Chapter 13 Trustee, therefore if the Court grants the Trustee's request to dismiss Count II of the Complaint, the Trustee requests that the Court order the Trustee be dropped as a defendant in this

Complaint pursuant to Federal Rule of Civil Procedure 21, made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7021.

Wherefore the Trustee prays that the Court enter an order dismissing Count II of Plaintiff's Complaint for failure to state a cause of action under which relief may be granted and dropping the Chapter 13 Trustee as a defendant in this Complaint and for such other relief as the Court deems appropriate.

/s/ Diana S. Daugherty
Diana S. Daugherty MO36347
Attorney for Trustee
P.O. Box 430908
St. Louis, MO 63143
(314) 781-8100
 (314) 781-8881 fax
trust33@ch13stl.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above Notice of Hearing and Trustee's Motion were served this ___ day of July, 2016, electronically through the Court's system to:

Susan Mello
7751 Carondelet #403
Clayton, MO  63105

By depositing same in the U.S. mail, postage pre-paid, addressed to:

Paul & Mary Wojciechowski
636 Undercliff Dr.
Hazelwood, MO  63042

Angela Redden Jansen
O'Gormnan and Sandroni PC
3350 Greenwood Dr.
Maplewood, MO  63143

/s/ Diana S. Daugherty