UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | In Proceedings Under Chapter 13 |
| ) | |
| PAUL WOJCIECHOWSKI ) | Case No. 16-42442-659 |
| MARY WOJCIECHOWSKI ) | |
| Debtors, ) | Adversary No. 16-4087-659 |
| _____ ) | |
| ) | |
| SUSAN H. MELLO, LLC and ) | |
| SUSAN H. MELLO, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| PAUL WOJCIECHOWSKI, ) | |
| MARY WOJCIECHOWSKI, ) | |
| ) | |
| and ) | |
| ) | |
| JOHN V. LABARGE JR., TRUSTEE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS, PAUL AND MARY WOJCIECHOWSKI'S, RESPONSE TO AUGUST 22, 2016 SUPPLEMENTED AND CORRECTED COMPLAINT OF CREDITOR, SUSAN H. MELLO AND AFFIRMATIVE DEFENSES**

Comes Now Defendants, Paul Wojciechowski and Mary Wojciechowski, by and through their attorney of record, Angela Redden-Jansen, and for their response states as follows:

COUNT I

1. Defendants admit the allegations in paragraph 1 to the extent "S 523, 1334 and 157" are intended to mean of 28 USC §§ 1334 and 157 and 11 USC § 157.

2. Defendants admit the allegations contained in paragraph 2.

3. Paragraph 3 fails to contain a short plain statement as required by FRCP 8(a) making it difficult if not impossible for Defendants to admit or deny many of the allegations set out in

paragraph 3. Defendants admit that Susan H Mello LLC and/or Susan H. Mello is scheduled as a creditor of Defendant, Paul Wojciechowsk. Defendants deny that Susan H Mello, LLC and/or Susan H. Mello is a creditor of or is scheduled as a creditor of Mary Wojciechowski. Defendants deny the reasonable value of services rendered to Paul Wojciechowski was at least $30,492. Defendants admit that Paul Wojciechowski made payments to Susan H Mello, LLC and/or Susan Mello. Defendants deny that Plaintiff offered any benefit, substantial or otherwise, to either Defendant. Additionally, Paragraph 3 contains conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required to these portions of Paragraph 3, Defendants deny any remaining allegations paragraph 3.

4. The allegations in paragraph 4 are so incomprehensible, vague and ambiguous that Defendants cannot reasonably be required to file any response thereto, contain conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 4.

5. The allegations in paragraph 5 and all subparts thereto are so incomprehensible, vague and ambiguous and contain dates that have not yet occurred that Defendants cannot reasonably be required to file any response thereto. Additionally, portions of paragraph 5 and all subparts thereto appear to contain conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 5 and all subparts thereto.

6. The allegations in paragraph 6 are so incomprehensible, vague and ambiguous that Defendants cannot reasonably be required to file any response thereto. Additionally, portions of paragraph 6 appear to contain conclusions of law and statements of the Plaintiff's case to which

no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 6.

7. Paragraph 7 contains conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 7.

8. Paragraph 8 contains conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 8.

8. The allegations in paragraph 8 are so incomprehensible, vague and ambiguous that Defendants cannot reasonably be required to file any response thereto. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 8.

9. The allegations in paragraph 9 are so incomprehensible, vague and ambiguous that Defendants cannot reasonably be required to file any response thereto. Additionally, portions of paragraph 9 appear to contain conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 9.

10. The allegations in paragraph 10 are so incomprehensible, vague and ambiguous that Defendants cannot reasonably be required to file any response thereto. Additionally, portions of paragraph 10 contain conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 10.

11. Paragraph 11 contains conclusions of law and statements of the Plaintiff's case to which no response is required. To the extent a response is deemed required, Defendants deny all allegations contained in paragraph 11.

Wherefore, Defendants, having fully answered, respectfully request that this court enter an order dismissing Count I of Plaintiff's Complaint with prejudice, awarding Defendants their cost and fees incurred herein under 11 USC § 523 (d) and for such other and further relief as this court deems just and proper under the circumstances.

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

11 USC §523 (a)(2)(A) requires: (1) debtor make a representation to the creditor: (2) that debtor knew was false; (3) debtor intended the creditor to rely on and be deceived by the representation; (4) creditor justifiably relied on the representation; and (5) debtor's representation was the proximate cause of the harm to the creditor. 11 USC §523 (a)(2)(A) requires that representations made by the debtor, upon which the creditor relied, be about something other than his financial condition. Plaintiffs' complaint alleges that Defendants made representations that they intended to pay, could pay and would pay which are all representations respecting the Defendants financial condition. According to documents filed by Plaintiff with the Bankruptcy Court, Defendants made payments on an ongoing basis up and until the time of filing bankruptcy. For Plaintiff to prevail under 11 USC § 523 (a)(2)(A) there must be showing Defendants made false representation other than statements respecting their financial condition. Plaintiff has failed to make any allegations that Defendants made any representations that were false about something other than their financial condition.

11 USC §523 (a)(2)(B) requires: (1) a statement in writing by the debtor; (2) that is false; (3) concerning the debtor's financial condition; (4) reasonably relied upon by the creditor ; and

(5) intent by the debtor that the creditor be deceived.  For Plaintiff to prevail under 11 USC §523 (a)(2)(B) it must show that Defendants made representations in writing that were false concerning their financial condition.  There have been no allegations that Defendants made any representations in writing about his financial condition or that Plaintiff requested financial statements from either Defendant prior to providing services.  Even if Paul Wojciechowski entered into a contract with Plaintiff, as alleged, for legal service it would not be a representation in writing concerning his financial that would allow Plaintiff to prevail on a dischargability action brought under 11 USC §523 (a)(2)(B).

Plaintiff has failed to designate under which sub-part of 11 USC §523 (a)(2) she is proceeding against Defendants.  Defendants take the position that Plaintiff is equally incapable of making a claim under 11 USC §523 (a)(2)(A) as (B) because there have been no allegations that Defendants made any representations to Plaintiff other than respecting Defendants' financial condition or that Defendants' made any representations in writing respecting their financial condition.

## FAILURE OF CONSIDERATION

Plaintiff has not provided any services to or for the benefit of and Mary Wojciechowski nor did Plaintiff enter into any agreement to provide any services for the benefit of or to Mary Wojciechowski.

According to the 24 page Docket Sheet in the matter of *Wojciechowski v Wojciechowski,* filed as Cause Number 12SL-DR03170-01 in the Circuit Court of St. Louis County, has traveled a long a tortured road that was driven by the 58 plus Motions filed by Plaintiff, many of which were to amend, correct or supplement pleadings originally filed by Plaintiff.  Plaintiff consumed many hours opposing a Motion for Contempt that was filed by Patricia Wojciechowski

concerning a Citifinancial Services Mortgage dated March 24, 2006 that was and is moot. Paul Wojciechowski had been previously ordered to have Patricia Wojciechowski name removed from said deed of trust.  However, Paul Wojciechowski and Patricia Wojciechowski filed a joint Chapter 7 Bankruptcy on May 11, 2007 as Case Number 07-42922.  A discharge was entered on August 6, 2007 and a Reaffirmation Agreement was not executed by the parties which mooted any need to have Patricia Wojciechowski's name removed from the deed of trust.  Patricia Wojciechowski's attorney fee bill, including expenses, was $22,773.62 at $275.00 per billable attorney hour.  Plaintiff currently claims she is owed $30,492.00 for attorney's fees and expenses at $175.00 per billable attorney hour.  It is inconceivable that Plaintiff can justify the number of hours she claims to have billed benefited Paul Wojciechowski when the Docket Report reflects that much of the work done by Plaintiff was to correct, amend or supplement matters already filed with the court and to contest a Motion for Contempt that was and is moot.  Under the circumstances the fees alleged to be owed by Plaintiff are commercial unreasonable when compared to Patricia Wojciechowski's attorney fee bill and it has not been demonstrated that Paul Wojciechowski has actually benefitted for being double billed, overbilled and billed for opposing matters that were moot.  The services received to Paul Wojciechowski were inadequate and do not justify the fees charged by Plaintiff.

## ASSUMPTION OF THE RISK

Plaintiff is charged with the duty to be diligent and safeguard its own interests. A Plaintiff that fails to be diligent in safeguarding its interests, is precluded from bring an action for fraud.  Plaintiff is a law firm in the business of representing people in difficult situations with limited resources.  Plaintiff is aware of the risks associated with representing desperate people in desperate situations.  Non-payment of large legal bills is an inherent risk in the legal profession.

Despite being aware of the inherent risks associated with generating large legal bills for individuals incapable of paying, Plaintiff continued to generate billable hours in the representation of Paul Wojciechowski.  Plaintiff was aware of Paul Wojciechowski's limited resource and that he was paying child support for and supporting four children.  Plaintiff continued representing Paul Wojciechowski without any reasonable expectation that he could in fact pay for the services allegedly rendered.  Plaintiff had a duty to safeguard its interest and could have done so by withdrawing from the representation of Paul Wojciechowski.  Plaintiff is therefore precluded from bring a claim for fraud.

Respectfully Submitted,

/s/Angela Redden-Jansen_____
Angela Redden-Jansen, MBE #42684
Andrew Sandroni, MBE #35105
3350 Greenwood Blvd.
Maplewood, MO 63143
314.645.5900
314.645.5990 fax
amredden@swbell.net
*Attorney for Paul and Mary Wojciechowski*

### Certificate of Service

The undersign hereby certifies that on this 26th day of August, 2016 a copy of the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Susan Mello, attorney for Susan H. Mello, LLC and Diana Daugherty, attorney for John V. LaBarge, Jr. Chapter 13 Trustee.

/s/Angela Redden-Jansen_____