UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION


| In Re Paul Wojciechowski | ) |
| | ) 16-42442 |
| and | ) Ch 13 |
| Mary Wojciechowski | ) September 22, 2016[1] |
| | ) |
| Debtors | ) |
| _____ | )16-4087 |
| Susan H Mello LLC et al | ) October 11, 2016 |
| Plaintiffs | ) |
| V | ) |
| Paul Wojciechowski and Mary Wojciehowski | ) |
| Defendants | ) |

    Plaintiff's Motion to Compel and for Sanctions on Defendant's failure to respond to the Second set of Request for production, Second Set of Interrogatories[2]

    Comes now Plaintiffs and state as follows on their Motion to Compel with the actual copies of the interrogatories and the responses in Doc no 109 et seq ) with the certificates at No 96-97 which are incorporated by reference:

---

[1] Likely being continued where there were new schedules on 9/15/16 and a new plan

[2] Where as below some are rephrased requests on what defendants refused to answer from the First set , Plaintiffs are seeking orders in the alternative ,namely if ordered to answered the ones from those sets where shown as rephrased do not need to be ordered here as well.

1

(1.) In April 2016 Defendants filed for relief under Ch 13 and in July 2016 the undersigned filed an adversary proceeding per S 523 that the debt is not dischargeable due to fraud.

(2). Under R 7026 making rule 26 applicable to such proceedings the scope of discovery allows discovery

.... regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable..

( 3.) Pursuant to caselaw [3] where fraudulent intent may be shown by circumstantial evidence,

---

[3] As cited in previous submissions, see In re Cecil 542 B.R. 447 (B.A.P. 8th Cir. 2015). fraudulent intent may be established by circumstantial evidence.

As noted In re Davenport, 491 BR 911 ( Bank WD MO 2013)
. Direct evidence of intent rarely exists, so courts may look to surrounding circumstances to ascertain intent. In re Newell, 164 B.R. 992, 996 (Bankr.E.D.Mo. 1994). The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question. In re Swan, 156 B.R. 618, 623 (Bankr.D.Minn.1993) (citations omitted). Intent to deceive will be inferred where a debtor makes a false representation and the debtor knows or should know that the statement will induce another to act. Reuter, 427 B.R. at 753) (quoting Moen, 238 B.R. at 791).
    In other words , in Intent to deceive may be established through direct evidence or inference. 496*496 CFC Wireforms, Inc v. Monroe (In re Monroe), 304 B.R. 349, 356 (Bankr. N.D.Ill.2004). Because direct proof of fraudulent intent is often unavailable, fraudulent intent "may be determined from the totality of the circumstances of a case and may be inferred when the facts and circumstances present a picture of deceptive conduct on the debtor's part." Cent. Credit Union of Ill. v. Logan (In re Logan), 327 B.R. 907, 911 (Bankr.N.D.Ill. 2005) (internal quotations omitted). Thus, "[w]here a person knowingly or recklessly makes false representations which the person knows or should know will induce another to act, the finder of fact may logically infer an intent to deceive." In re Jairath, 259 B.R. 308, 315 (Bankr.N.D.Ill. 2001).

including may be inferred when the facts and circumstances present a picture of deceptive conduct, it is important that discovery be broad an include the totality of the circumstances.[4]

(4.) Discovery is also proper here per FRE 406 on custom, practices and habit [5] where habit and practice is admissible stating :

...Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

(5).In August 2016 the undersigned duly served the Second Set of Interrogatories and Second Request for documents

that included [6]

---

[4] Plaintiffs request the court take judicial notice here of the facts set out in the July 19 Objection in the main case, the fact that as even in the amended schedules there is confirmation the April schedules were false ( as to the number of persons in the household, as to ownership of property, as to debts and even as to the payment of DSOs, income, and payroll deduction, and expenses) and that with the many instances here on the variety of issues and the dates, as well as the false representations to 2 courts as in the consent in 2012, July and December 2015, that what has now come to light meet the definition for a habit, custom or practice, per FRE 406.

[5] Plaintiffs request the court take judicial notice here of the facts set out in the July 19 Objection in the main case, the fact that as even in the amended schedules there is confirmation the April schedules were false ( as to the number of persons in the household, as to ownership of property, as to debts and even as to the payment of DSOs, income, and payroll deduction, and expenses) and that with the many instances here on the variety of issues and the dates, as well as the false representations to 2 courts as in the consent in 2012, July and December 2015, that what has now come to light meet the definition for a habit, custom or practice, under FRE 406.

[6] On which Plaintiff does note there are no objections to the number , while there was a subsequent protective order which seems in part to relate to whether debtor's counsel's name was spelling used correctly even where the correct spelling of Plaintiff's name was on the same page in the caption and the name is correct in the certificate of service in the title the reference is Susan H Mellow LLC ( in fact being Plaintiff's Susan H Mellow, LLC" sic ). Plaintiff does not care about the typo , understands there are typos and grammar errors , but mentions it only to point out the inconsistency.

\*\*\*\*\*\*\*\*\*\*\*

(6.) The discovery is relevant even seeking to rephrases on impermissible h boilerplate objections [7], and attorney client claims[8].

---

[7] As Judge White noted in Lutzeier v Citigroup, _ F Supp_- (ED Mo 2015) Case No. 4:14-cv-00183-RLW.:The Court will overrule Defendants' general objections. See Kooima v. Zacklift Intern. Inc., 209 F.R.D. 444, 446 (D.S.D.2002)("[B]oilerplate objections are unacceptable.")

See Kruse v Caeli, __ F Supp__ ( D Mi 2016): With the advent of the 2015 amendments to Rule 26, the days of boilerplate objections are over. The Advisory Committee Notes instruct that the 2015 amendment is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional," and that a "party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination."

As in Arrow Enterprise Solutions v BlueAlly, __ F Supp __ ( ND NC 2916 )

Objections to interrogatories are governed by Rule 33(b)(4) of the Federal Rules of Civil Procedure. That rule provides, in relevant part, that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4) (2014). In light of this language, this court has held that the use of boilerplate objections stating that an interrogatory is overbroad, unduly burdensome, irrelevant, or the like does not satisfy the specificity requirement. Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) aff'd, 551 F. App'x 646 (4th Cir. 2014); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 240 (E.D.N.C. 2010). Instead, an objection must include particularized facts justifying the objection. See Mancia v. Mayflower Textiles Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008) (citing cases).

[8] As in State ex rel. Koster v. Cain, 383 SW 3d 105 ( Mo App WD . 2012) the existence of an attorney client relationship is not privileged and items a lawyer has have to be provided:
Discoverable information cannot be made privileged simply by reciting it to an attorney. State ex

rel. Great Am. Ins. Co. v. Smith, 574 S.W.2d 379, 385 (Mo. banc 1978).
 The attorney-client privilege prohibits `the discovery of confidential communications, oral or written, between an attorney and his client with reference to litigation pending or contemplated.'" Ratcliff v. Sprint Mo., Inc., 261 S.W.3d 534, 546 (Mo.App. W.D.2008) (quoting State ex rel. Terminal R.R. Ass'n of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69, 73 (1953)). The party asserting attorney-client privilege bears the burden of proof to demonstrate that the privilege applies. State ex rel. Ford Motor Co. v. Westbrooke, 151 S.W.3d 364, 367 (Mo. banc 2004). A blanket assertion of privilege is not sufficient. Id. Instead, "[t]he party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privilege is satisfied." State ex rel. Dixon v. Darnold, 939 S.W.2d 66, 70 (Mo. App. S.D.1997). The elements of attorney-client privilege are: (1) the existence of an attorney-client relationship at the time the communication was made or advice was given; and (2) the attorney-client relationship existed with respect to the subject matter of the communication or advice. State v. Pride, 1 S.W.3d 494, 505 (Mo.App. W.D.1999).

Federal law similarly has no protection for lawyer records or items held by lawyers and facts cannot be made privileged   because provided to lawyer or to what the lawyer did or when met ,covering only content not fact of representation.  . See
 Sobba v. Elmen, 2007 U.S. Dist. LEXIS 29172 (E.D. Ark. April 19, 2007), quoting Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999) ("Typically, the attorney-client privilege does not extend to billing records and expense reports.");

 See also United States v. Zolin, 491 U.S. 554, 562 (1989); United States v. Hodge and Zweig, 548 F.2d 1347, 1353 (9th Cir. 1977); Fed. R. Evid. 501). "The attorney-client privilege exists where: `(1) [] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.'" United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (quoting United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010)). The privilege extends to agencies to the extent the agency is consulting its attorney "as would any private party seeking advice to protect personal interests." Ctr. for Bio. Diversity v. Office of Mgmt. & Budget, 625 F. Supp. 2d 885, 892 (N.D. Cal. 2009) (quotation omitted); Our Children's Earth Found. v. Nat'l Marine Fisheries Serv., 85 F. Supp. 3d 1074, 1086-87 (N.D. Cal. 2015) (same). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002) (quotation omitted). The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege," and applies "only when necessary to effectuate its limited purpose of encouraging complete disclosure by the client." See Fisher v. United States, 425 U.S. 391, 403 (1976); Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) (quoting Tornay v. United States, 840 F.2d at 1428).

(7). Without same   Plaintiffs would  be unduly  prejudiced and has had to incur time and expend funds in connection with this motion and it has delayed the trial preparation and going to have to seek a trial continuance.

(8)   It is proper per Rule 37   that discovery be ordered.

(9)   This failure to comply was intentional and continued despite repeated efforts by the undersigned to resolve same that included reminders that the objections were waived on the initial discoveru even before the objections were submitted; reminders that the court had sustained the Motion and entered an order granting a motion that sought the documents and  attempting to arrange a call with debtors counsel who refused to take the call, said would talk on 8/23 and then arrived late after the scheduled hearing time and left immediately after; and when tried tofollow up with email and  fax, counsel blocked same, where on 8/31 dropped on notes to start the discussion and never heard back on same .

---

The party asserting the attorney-client privilege bears the burden to establish that the privilege applies to the requested documents. Griffith, 161 F.R.D. at 694 (quoting Tornay, 840 F.2d at 1426). The agency fails to meet its burden if it uses boilerplate language and makes "no effort . . . to tailor the explanation to the specific document withheld. . . ." Our Children's Earth Found., 85 F. Supp. 3d at 1087 (citing Wiener v. FBI, 943 F.2d 972, 978-79 (9th Cir. 1991)).. Our Children's Earth Found., 85 F. Supp. 3d at 1088 ("[a]ttachments which do not, by their content, fall within the realm of the [attorney-client] privilege cannot become privileged by merely attaching them to a communication with the attorney); Hanson v. Wells Fargo Home Mortg., Inc., 2013 WL 5674997, at *4 (W.D. Wash. Oct. 17, 2013) ("Documents attached to or included in an attorney[-]client communication are not automatically privileged, and the party asserting privilege must prove that each attachment is protected by privilege.")

Even ,more so where as confirmed in In Re Pigg, __ BR__ ( WD Mo 2015) where it was confirmed bankruptcy is not viewed as litigation , but instead counsel owes special duties to the court and the interchanges on   what was included are to be subject to scrutiny and where as in the   above cited caselaw there would be no privilege as to when prepared the draft schedules , the privilege only protects the content of communications not the date and fact of same.

There is also a crime fraud exception. As  stated in  State ex rel. Peabody Coal Co. v. Clark, 863 SW 2d 604 - ( Mo  1993) :
Nevertheless, this Court has not held that the attorney-client privilege is absolute, recognizing a crime-fraud exception to the attorney-client privilege for underlying criminal conduct in Gebhardt v. United Railways Co. of St. Louis, 220 S.W. 677, 679 (Mo.1920).

6

Then on this discovery on 9/19 tried again and reached voice mail, left a message to arrange a time to talk and asked to get a call at 10am, did not get any call, but with debtor counsel having unblocked the email access when asked counsel when could talk and what her concerns were, debtor's counsel would not reply.

The undersigned by email then went over in detail rule 6 and the counting , the fact there was an email from 8/30 and the the time ran 9/19 , and the second R 36 set was what ws delivered on 8/31 , counsel ignored same and skipped this discovery replying only to the 8/31 second set .

On 9/21 Counsel then made further efforts and sent a draft copy of this motion and asked debtor counsel to review it and comply before it was filed .

Wherefore Plaintiffs move for all relief , a further order for the answers and to the extent needed striking the objections; the equivalent of fees and expenses ; and the other remedies in Rule 37 .

Respectfully submitted

BY /s/ Susan H Mello

Susan H Mello 31158 /3841

Susan H Mello LLC

7751 Carondelet, Suite 403

Clayton, MO 63105

(314) 721-7521

(314) 863-7779 FAX

Pro se Creditor and Attorney For

Creditor Susan H Mello LLC

Certificate of service

The undersigned confirms that she served as copy of Angela Redden-Jansen and Diana Daughtery to the best of

her knowledge on 9/21/16  those eserved with this documents via the Court's CM/ECF system on the _21_ day of _September __ 2016   are all necessary parties  /s/ Susan H Mello