IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY
STATE OF MISSOURI
FAMILY COURT DIVISION

PATRICIA WOJCIECHOWSKI, )
)
Petitioner, )
)
v. ) Cause No. 12SL-DR03170-02
)
) Division 31
PAUL WOJCIECHOWSKI, )
)
Respondent. )
)

**FILED**

AUG 27 2019

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

## FINAL JUDGMENT

This most recent dispute between the parties began as a Family Access Motion filed by Petitioner in August of 2017. Respondent filed a Motion to Modify in November of 2017. Petitioner filed a Counter Motion to Modify in July 2018. The parties largely resolved the dueling Motions to Modify through a consent Modification Judgment entered on July 15, 2019. Before the Court are the final two issues of the Motions to Modify: retroactive child support and attorneys' fees. The parties agreed to submit these two issues to the Court. Oral arguments were presented to the Court by counsel on July 15, 2019 and the Court took the matter under submission. Having considered the facts, argument of the parties, and relevant law, the Court is now fully advised in the premises and enters the following judgment.

The Court incorporates, as though fully set forth herein, the Modification Judgment consented to by the parties and entered by the Court on July 15, 2019, such that this Judgment constitutes the Final Judgment on the cross Motions to Modify.

**Retroactive Child Support**

Respondent Paul Wojciechowski ("Respondent") requests that the Court make the new child support amount retroactive to the date of service on Petitioner Patricia Wojciechowski ("Petitioner"), November 7, 2017. The Court has a local rule that addresses this issue:

> **68.12 RETROACTIVE PAYMENT OF CHILD SUPPORT**
>
> (1) In all proceedings to modify any provision for support of a minor child or children in a decree of dissolution or order of paternity, there shall exist a presumption that any modification of the obligation for payment of support for a minor child shall be retroactive to the date of filing of movant's statement of income and expenses or the date of service of movant's motion to modify, whichever shall occur later.

Here, while Petitioner made several arguments as to why the presumption should not be followed in this case, the Court finds that there is no compelling reason to deviate from the presumption found in Rule 68.12. The Court believes that both parties worked in good faith, through the Courts and through counseling, to improve the various issues surrounding the parties' children. Pursuant to the Modification Judgment submitted to this Court on July 15, 2019 (and to become effective as to child support as of August 1, 2019), the parties agreed that the child support paid by Respondent to Petitioner was to reduce to $1,700 (from $1933, the amount of support set forth in the Modification Judgment dated December 10, 2015). Accordingly, by the Court's calculation, twenty-one (21) months of retroactive support is $4,893, which is due back to Respondent. However, equity requires and this Court orders that this amount shall offset the amount of attorneys' fees Respondent is ordered to pay Petitioner, discussed below.

**Attorneys' Fees**

Petitioner requests attorneys' fees be entered in her favor and against Respondent. Attorneys' fees may be awarded in a petition seeking modification of a dissolution judgment pursuant to Missouri Revised Statute § 452.355. The Court "from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment."

Here, as Petitioner points out, there is a significant disparity between the financial resources of the parties according to their self-filed financial disclosures. However, as Respondent argued, when the child support payment of $1700 (the newly adjusted amount) from Respondent to Petitioner is taken into account, the difference in income is not as significant as Petitioner argues. The Court finds that this is not a determinative factor in the analysis.

More significant to the Court is Respondent's conduct in this case. Petitioner argues two acts of "bad conduct" by Respondent: (1) conduct related to the parties' son ~~[redacted]~~ and (2) Respondent's failure to remove Petitioner's name from the mortgage loan on the marital residence now owned by Respondent. The Court agrees with Respondent that the issues related to ~~[redacted]~~ are complicated and the breakdown in the relationship between Petitioner and ~~[redacted]~~ cannot be attributed solely, or even directly, to Respondent.

3

However, Respondent's conduct related to his obligation to remove Petitioner's name from the mortgage is not nearly as amorphous. The Court heard several different arguments about this obligation, including Respondent's argument that he "believed" that the mortgage debt had been discharged in bankruptcy. Petitioner disputed this fact and argued that she continues to be contacted about the loan. Petitioner argued that she cannot obtain financing (and that her credit has been harmed) because she remains an obligor on the mortgage note. While the Court has only heard argument on this issue, the undisputed fact is that Petitioner continues to be identified as a debtor on the mortgage loan.

The Court entered an Order on this issue back on December 18, 2018, and indicated that it would need additional information on the bankruptcy in order to enforce the Judgment (as requested by Petitioner). There still does not appear to be a consensus on this issue. Therefore, while the Court is not enforcing the original or first modification Judgment by this Final Judgment, the Court finds the continued litigation over this issue to be caused solely by Respondent. Therefore, the Court finds that some award of attorneys' fees in favor of Petitioner in this case is warranted.

The Court has carefully reviewed the invoices of attorneys' fees submitted by Petitioner, which total almost $50,000. Respondent submitted his attorneys' fees bills to highlight the significant difference in amounts (Respondent has incurred attorneys' fees of slightly over $20,000). The Court considers this as a factor in the appropriate amount of an award of fees. The Court also considers that there were *numerous* issues before the Court, not just the issue related to the mortgage loan. Accordingly, the Court

4

enters an award of $13,000 as and for attorneys' fees in favor of Petitioner and against Respondent. The Court finds this amount to be in the nature of support for Petitioner.

The amount of retroactive support due from Petitioner to Respondent, discussed above, shall offset this award such that the net judgment entered against Respondent and in favor of Petitioner is $8,107.00.

WHEREFORE, the Court ORDERS, ADJUDGES AND DECREES that a judgment is entered against Respondent and in favor of Petitioner in the amount of $8,107. All other provisions of the Modification Judgment of July 15, 2019 are incorporated herein as the combined Final Judgment of the Court.

**SO ORDERED:**

_____
Nicole S. Zellweger
Judge, Division 31

August 27, 2019